Charles H. LEE, Jr., Plaintiff–
Appellant

v.

Lee WADE, Correctional Officer, Loui-
siana State Prison; Burl Cain, War-
den, Louisiana State Prison; James
LeBlanc, Secretary of State; Depart-
ment of Public Safety and Correc-
tions, Defendants–Appellees.

No. 14–30814.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 2015.

Charles H. Lee, Jr., Angola, LA, pro se.

Before KING, JOLLY, and HAYNES,
Circuit Judges.

PER CURIAM: *

Charles H. Lee, Jr., Louisiana prisoner
# 386633, moves for leave to proceed in
forma pauperis (IFP) on appeal from the
dismissal of his 42 U.S.C. § 1983 com-
plaint. The district court dismissed Lee's
complaint for failure to state a claim due to
his failure to exhaust administrative reme-
dies. It certified that the appeal had not
been taken in good faith and denied Lee
permission to proceed IFP on appeal. Lee
argues that the dismissal of his complaint
was error and was based on an incomplete
record.

By moving to proceed IFP, Lee is chal-
lenging the district court's certification
that his appeal is not taken in good faith.
*See Baugh v. Taylor,* 117 F.3d 197, 202
(5th Cir.1997). Our inquiry into an appel-
lant's good faith "is limited to whether the
appeal involves legal points arguable on
their merits (and therefore not frivolous)."
*Howard v. King,* 707 F.2d 215, 220 (5th
Cir.1983) (internal quotation marks and ci-
tation omitted).

Whether the complaint clearly estab-
lished that Lee failed to exhaust his ad-
ministrative remedies prior to filing suit is
arguable. *See Jones v. Bock,* 549 U.S. 199,
216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).
Thus, Lee has raised a nonfrivolous
ground for appeal. Accordingly, his mo-
tion for IFP is granted. However, we
dispense with further briefing in this ap-
peal and, for the following reasons, affirm
the district court's judgment.

We may affirm the district court's dis-
missal on any basis supported by the rec-
ord. *See Hosein v. Gonzales,* 452 F.3d
401, 403 (5th Cir.2006). Any claim that
Lee was issued a false disciplinary case
due to racial discrimination would neces-
sarily imply that his disciplinary conviction
is invalid. *See Heck v. Humphrey,* 512
U.S. 477, 486–87, 114 S.Ct. 2364, 129
L.Ed.2d 383 (1994); *see also Edwards v.
Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584,
137 L.Ed.2d 906 (1997). Lee has not
shown that his disciplinary conviction has
been invalidated by official action. There-
fore, his claims are barred by *Heck* and
are not at this point cognizable in a § 1983
action. *See Heck,* 512 U.S. at 486–87, 114
S.Ct. 2364; *Cronn v. Buffington,* 150 F.3d
538, 541 & n. 2 (5th Cir.1998).

IFP MOTION GRANTED; JUDG-
MENT AFFIRMED

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.